UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-82404-CIV-MARRA

PARTNER'S PRODUCE, INC.,

Plaintiff,

vs.

NEWPORT INTERNATIONAL OF TIERRA
VERDE, INC., et al,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants Newport International of Tierra Verde, Inc., Neco Foods, Inc. and John P. McGeough's (collectively, "Defendants") Motion to Dismiss (DE 4). Plaintiff Partner's Produce, Inc. ("Plaintiff") filed a response (DE 9). No reply memorandum was filed. The Court has carefully considered the motion, the response, and is otherwise fully advised in the premises.

I.  Background

On December 10, 2009, Plaintiff filed its Complaint against Defendants.  Plaintiff brings suit alleging various claims under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a-t, to enforce its right to payments due for produce purchased by Defendants. Under this Act, agricultural commodities, products derived from the produce, and proceeds from the sale of such items are subject to a statutory trust ("PACA Trust") for the benefit of the seller until full payment is made to the seller by the dealer.  7 U.S.C. § 499a-t; see Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir.1997). Plaintiff also raises claims for breach of

contract, breach of fiduciary duty to PACA trust beneficiaries, conversion and unlawful retention of PACA trust assets.

The facts, as alleged in the Complaint, are as follows: Plaintiff operates its business under a valid USDA-issued PACA license. (Compl. ¶ 1.) Plaintiff is engaged in the business of selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce. (Compl. ¶ 2.) Defendant Atlantis Foods, Inc. ("Atlantis") is a dealer and purchaser of produce in wholesale quantities. (Compl. ¶ 3(a).) Defendants Timothy P. Delong and Hope P. Delong are officers or directors or persons in a position to control Atlantis at all times relevant to this action. (Compl. ¶ 3(b)-(c).) Defendant NECO, LLC ("NECO") is the current owner and operator of Atlantis, and a subsidiary of Defendant Newport International of Tierra Verde, Inc. ("Newport"). (Compl. ¶ 3(d)-(e).) Defendant, John P. McGeough ("McGeough") is the Chief Executive Officer ("CEO") of Newport and, in that capacity, controlled the assets of Atlantis at all times relevant to this action. (Compl. ¶ 3(f).)  (Collectively, "Defendants").

Plaintiff sold to Atlantis produce having an invoice value in the current total amount of $52,298.60. (Compl. ¶ 6.) As the new owner, NECO is responsible for Atlantis' assets and liabilities, including paying for the unpaid produce sold to Atlantis. (Compl. ¶ 11.) Plaintiff is an unpaid supplier or seller of produce having sold produce to Defendants for which it remains unpaid. (Compl. ¶ 14.) Defendants have failed to deliver good funds to Plaintiff, despite repeated demands from Plaintiff. (Compl. ¶ 15.)

Defendants argue in their motion to dismiss that the Complaint fails to (1) allege that NECO or Newport assumed the liabilities of Atlantis, (2) state a cognizable claim for piercing the corporate veil of NECO to hold Newport, as the parent corporation, liable for the alleged acts

2

of NECO or (3) allege that NECO, in purchasing Atlantis, was not a bone fide purchaser for value. (Mot. at 4.)   In addition, Defendants contend that the Complaint improperly seeks to impose liability against them for events which "occurred before NECO's involvement and during periods of time when Defendants had no control over Atlantis and by extension any of the alleged trust proceeds." (Mot. at 5.)   In response, Plaintiff states that it has satisfied the notice pleading standard under Rule 8(a) of the Federal Rules of Civil Procedure.

II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a

plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

The Court begins its analysis by examining the allegations brought against Defendants NECO and Newport. NECO is the current owner and operator of Atlantis. (Compl. ¶¶ 3(d), 10.) "As the new owner, NECO is responsible for [Atlantis'] assets and liabilities, including paying for the unpaid produce the Plaintiff sold to [Atlantis]." (Compl. ¶ 11.) "Accordingly, the parent company, Newport, is equally liable to the Plaintiff for the unpaid Produce the Plaintiff sold to [Atlantis]." (Compl. ¶ 13.) However, paragraphs 11 and 13 set forth legal conclusions that would impose liability based upon mere corporate affiliation. This is legally insufficient.[1] Hence, Plaintiff fails to allege that either NECO or Newport assumed Atlantis' liabilities or facts that would demonstrate either of these Defendants are legally responsible for Atlantis' liabilities

To establish personal liability under PACA, Plaintiff must show that the person controls

---

[1] Additionally, as to Defendant Newport, the requirements of Rule 8 are particularly pertinent here since Plaintiff is suing both a parent corporation and its subsidiary. Indeed, even though the Complaint does not expressly invoke a "veil-piercing" theory of liability, the Court must assume Plaintiff is invoking such a theory because Plaintiff seeks to hold Newport liable for the alleged liabilities of NECO solely because of the corporate affiliation between them. Generally, to state a cognizable claim for piercing the corporate veil, the plaintiff must allege facts that, if taken as true, demonstrate that the subsidiaries are mere instrumentalities of the parent, and that the defendants engaged in "improper conduct" in the formation or use of the subsidiary. Court-Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd., No. 05-60055-CIV, 2008 WL 926506 (S.D. Fla. Mar. 31, 2008); see also Ford v. Carylon Corp., Inc., 937 So. 2d 491, 498 (Ala. 2006) ("A parent corporation generally cannot be held liable for the acts of its subsidiary unless the latter's corporate veil can be pierced as a result of the parent's abuse of control."); MeterLogic, Inc. v. Copier Solutions, Inc., 126 F. Supp. 2d 1346, 1357 (S.D. Fla. 2000). The Complaint has not alleged a veil piercing theory of liability. See Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 845 (11th Cir. 1989). Without more, the claims cannot stand against Newport solely on the basis of it being NECO's parent corporation.

the trust assets and that the assets of the licensed commission merchant, dealer or broker are insufficient to satisfy the PACA liability. Harvest Food Group, Inc. v. Newport International of Tierra Verde, Inc. et al., No. 08-80681-CIV, 2008 WL 4927006, at * 3 (S.D. Fla. Nov. 17, 2008); Gulf Coast Produce, Inc. v. American Growers, Inc., No. 07-80633-CIV, 2008 WL 660100, at * 3 (S.D. Fla.  Mar. 7, 2008).  The allegations of the Complaint, which are deemed true for purposes of this motion, are that, "at all relevant times," McGeough "is and was a person in a position to control [Atlantis'] finances" and that "Defendants failed to preserve sufficient amounts of the PACA Trust Asserts to fully satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claim asserted in this action." (Compl. ¶¶ 3(f), 19, 44-45.)  The Court finds that these allegations are sufficient to establish personal liability and satisfy the required standard with respect to McGeough.

Nonetheless, Defendants claim that the Complaint is deficient for failing to allege that all Defendants were in a position of control at the times alleged in the Complaint such that Defendants were responsible for all aspects of Atlantis' operations. In making that argument, Defendants note that Plaintiff has failed to attach relevant invoices and has failed to provide specific dates of when specific transactions and occurrences took place.  (Mot. at 4-5.)  However, given that the Complaint alleges that the officers or directors were in a position to control Atlantis "at all relevant times," the Complaint has satisfied the required pleading standard. Plaintiff is not required to attach evidence to the Complaint nor must Plaintiff allege a specific date at this point in the proceeding.  United States ex re. Chabot v. MLU Svcs., Inc., 544 F. Supp. 2d 1326, 1329 (M.D. Fla. 2008) ("nothing in the federal rules of civil procedure requires Plaintiff to attach any document to the complaint").  To the extent that Defendants claim that McGeough

was not in a position of control of Atlantis' finances at all relevant times, such an inquiry is fact-specific and cannot be resolved on a motion to dismiss.  See Harvest Foods, 2008 WL 4927006, at * 3.  For the foregoing reasons, the motion to dismiss is granted in part and denied in part.[2]  Plaintiff is granted leave to amend the Complaint, consistent with the directives of this Order. In addition, the Court grants Plaintiff leave to amend count three of the Complaint to remove NECO and Newport.

### IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants Newport International of Tierra Verde, Inc., Neco Foods, Inc. and John P. McGeough's Motion to Dismiss (DE 4) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff shall file an amended complaint, consistent with directives of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of July, 2010.

_____
KENNETH A. MARRA
United States District Judge

---

[2] Defendants also move to dismiss on the basis that Plaintiff failed to allege that NECO, in purchasing Atlantis, was not a bone fide purchaser for value. (Mot. at 4.)   The Complaint does not allege that there has been a transfer to a third party.  As such, there is no reason to address this argument.